UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LEO TRIPP, ET AL                        CIVIL ACTION NO. 17-cv-0542

VERSUS                                  JUDGE DOUGHTY

RICHARD PICKENS, ET AL                  MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

### Introduction

Plaintiffs are three men who developed a solar-powered chemical injection pump to be used in oil and gas production. They allege that they contracted with Richart Distributors, d/b/a Flomore Products to market the product and split the profits evenly. The relationship soured, and Plaintiffs filed this suit in state court against Flomore and Richard Pickens, who is Flomore's CEO and primary shareholder.

Defendants removed the case based on diversity jurisdiction and filed a motion for summary judgment. Judge Doughty recently denied the motion based on finding genuine disputes of material fact as to whether the parties had a valid oral contract that could form the basis of Plaintiffs' breach of contract and detrimental reliance claims. Plaintiffs conceded to the dismissal of Mr. Pickens as a defendant.

The deadline for amendment of pleadings was in September 2017. Trial is set for July 9, 2018. Plaintiffs filed on May 9, 2018 a Motion for Leave to Amend Complaint (Doc. 53). They seek to add claims against Flomore and Mr. Pickens under the Louisiana Unfair Trade Practices Act ("LUTPA") based on (1) their recent discovery that Mr. Pickens

secretly applied for a patent on the pump that listed himself as the sole inventor and (2) Flomore's unilateral termination of the pump distribution contract on April 23, 2018 without any good-faith basis to do so.  Defendants object that the proposed amendment is untimely and futile.  For the reasons that follow, the court finds that Plaintiffs have demonstrated good cause to allow the amendment and that a continuance of the trial is warranted to allow for discovery and other proceedings related to the new claims.

**Summary of Relevant Facts**

Plaintiffs alleged in their original complaint that they met Flomore representatives at a trade show in 2013 and eventually introduced them to the idea of launching a new pump that they had designed that had advantages over the pump that Flomore was marketing at the time.  A prototype was demonstrated, and Flomore agreed with the Plaintiffs that they would go into business together to sell the pump and split the profits 50/50.  Flomore would receive the benefit of the improved pump design, and Plaintiffs would benefit from Flomore's expertise in manufacturing and sales.  Plaintiffs allege that they "shook hands on the deal, thereby forming a valid and enforceable contract."

Plaintiffs allege that they devoted substantial effort to get the pump ready for sale. There were discussions about having lawyers reduce the agreement to writing.  Plaintiffs allege that Mr. Pickens told them that he would do so, but he never followed through, and this was part of his scheme to induce them to continue developing the pump for market.

The product launched in August 2014, and Plaintiffs report that it was a tremendous success.  Plaintiffs soon attempted to contact Mr. Pickens to discuss moving forward on their agreement to split the profits, but Mr. Pickens refused to discuss it.  Pickens and

Flomore employees soon cut off all communications with Plaintiffs. Plaintiffs allege that not one of them ever received any financial benefit from Flomore or Mr. Pickens for sales of the pump or the work they devoted towards development of the pump.

Plaintiffs filed this suit in state court in February 2017, and it was removed to federal court in April 2017. The case received a prompt trial setting of May 2018. A mediation in April 2018 was unsuccessful. Soon afterwards, the trial was continued to July 9, 2018

Plaintiffs allege in their Motion for Leave to Amend that they learned only recently that Mr. Pickens had, through Flomore's patent attorney, filed in June 2014 a provisional patent application on the pump design and components that Plaintiffs had designed. Pickens allegedly listed only himself as the sole inventor and applicant. Later, in June 2015, Pickens filed a non-provisional patent application, again in his own name. Pickens was asked during his deposition in this case about any patent applications, and he testified that he had filed only one, long ago and unrelated to these events. Months later, during the deposition of another Flomore executive, Plaintiffs learned that at least one patent application was pending regarding the solar pump. They immediately began requesting documents related to the patent and, after a fair amount of wrangling with Defendants, eventually received the documents that revealed facts about Mr. Pickens applying for the patent.

Plaintiffs' second grounds for an LUTPA claim is directed at Flomore. They allege that on April 23, 2018, soon after the failed mediation, they received a letter from Mr. Pickens and Flomore that purports to unilaterally cancel the contract between the parties. Plaintiffs allege that this is an effort by Flomore to cut off the plaintiffs' claim for damages

based on future sales of the pump. They contend that Flomore— given the success of the pump—does not have a good-faith economic reason to terminate the contract.

**Amendment after the Pleadings Deadline**

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings and provides that the court should "freely give leave when justice so requires." The standard is very liberal. The Fifth Circuit has explained that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999).

But the rule is different when, as in this case, the court has issued a scheduling order that set a deadline for amendment of pleadings and that deadline has passed. Rule 16(b) governs amendments after a scheduling order deadline has expired. The movant must first demonstrate good cause to modify the scheduling order before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

The S&W Enterprises decision explained that the appellate court will look to four factors when reviewing a trial court's decision of a post-deadline motion for leave to amend: (1) the movant's explanation for his failure to timely move for leave; (2) the importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Accordingly, it makes sense for the district court to consider those factors when making its decision.

**Analysis**

The Scheduling Order (Doc. 18) set a deadline in September 2017 for the amendment of pleadings. The Plaintiffs explain that they did not timely move for leave because they only recently learned the facts that give rise to these claims. Mr. Pickens argues that Plaintiffs were on notice of what he was up to because there is evidence of a "patent pending" sticker being placed on some models or slides of the pump that Plaintiffs were shown years ago. Plaintiffs respond that they simply thought the sticker was consistent with their overall agreement to patent the pump and bring it to market.

As for the importance of the amendment, Plaintiffs argue that the amendment is critical to give them a potential remedy for the bad faith and fraudulent activities that they have only recently discovered or been alerted to. They argue that denial of leave to amend would force them to file the claims in a separate lawsuit, which would create inefficiency and the other harms and risks that accompany piecemeal litigation. As for any prejudice to the defendants, Plaintiffs argue that it is of the defendants' own making by virtue of covering up the patent applications and waiting until the eve of trial to terminate the contract. Finally, a continuance is available to cure the prejudice. This is not a very old case, and it is on its original scheduling order.

After examining the relevant factors, the undersigned finds that, on balance, Plaintiffs have demonstrated good cause to modify the scheduling order and excuse the untimely nature of their motion. Turning to the more traditional factors, the court finds that the liberal standard that favors amendments warrants granting leave to amend in these circumstances. Modification of the scheduling order will allow the defendants ample time

to conduct discovery with respect to the new claims and address them with any appropriate motions. Other than a delay in the resolution of the litigation, there will be no discernable prejudice to the defendants, and that delay appears to be of their own making.

**Futility**

A court should also consider the potential futility of an amendment. An amended claim is considered futile if it would fail to state a claim upon which relief could be granted. SGK Properties, LLC v. U.S. Bank National Association, 881 F.3d 933, 944-45 (5th Cir. 2018); Stripling v. Jordan Prod. Co., 234 F.3d 863, 872-73 (5th Cir. 2000). Defendants argue in their memorandum in opposition to the motion for leave to amend that the LUTPA claims are futile because those related to the patent application are untimely and have been rendered moot by Mr. Pickens' recent tender to the Plaintiffs of all patent application rights. They also argue that the LUTPA claim based on alleged bad faith in terminating the contract is futile because a party has a statutory right to terminate such a contract and that such action cannot, as a matter of law, constitute an unfair business practice. Plaintiffs filed a reply and responded to those arguments.

It is not obvious that all of the LUTPA claims are futile. The undersigned has found that the better course in such a situation is to grant leave to amend. The defendants can then elect to respond to the amended claim with a motion to dismiss or, perhaps after discovery, a motion for summary judgment. The court's ability to decide the viability of the claims at issue will benefit from full briefing within the context of a motion that is devoted to the substantive issues. Accordingly, Plaintiffs' **Motion for Leave to File Amended Complaint (Doc. 53)** is **granted**. The Clerk of Court is directed to file the First

Amended Complaint under seal. As the court stated in a prior order (Doc. 56), Plaintiffs must file a redacted version of the amended complaint with confidential information deleted. That redacted version will be filed in public view. The deadline for Plaintiffs to submit the redacted version is **July 6, 2018**.

After consultation with Judge Doughty, the pretrial conference set for June 25, 2018 and the trial date of July 9, 2018 are **continued**. A new scheduling order will issue in due course. The parties may proceed immediately with discovery or motion practice, as appropriate, related to the amended claims.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2018.

Mark L. Hornsby
U.S. Magistrate Judge